IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES CURRY,                                                                                  PETITIONER

v.                                                     CIVIL ACTION NO.: 1:14cv132-SA-SAA

MONROE CIRCUIT COURT, et al.,                                                RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of James Curry, who was an inmate housed at the Mississippi State Penitentiary at the time he filed the instant federal habeas petition under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244. Petitioner has not responded to date, and the deadline for Petitioner to respond has expired. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Petitioner pleaded guilty to possession of cocaine greater than two grams in the Monroe County Circuit Court in Cause No. CR06-040(P)M. On October 31, 2012, Petitioner was sentenced to serve a term of sixteen years in the custody of the Mississippi Department of Corrections, with eight years suspended and five years of post-release supervision. Mot. to Dismiss, Ex. A.

On or about February 4, 2013, Petitioner filed a federal habeas petition challenging the plea and sentence referenced above, along with a challenge to a separate judgment from the Lee County Circuit Court. On May 14, 2013, the Court dismissed the petition for Petitioner's failure to prosecute and to comply with an order of the Court, and within days, Petitioner filed a motion

for reconsideration. *See Curry v. Mississippi Department of Corrections*, Cause No. 1:13cv20-SA-JMV (N.D. Miss.). On May 30, 2013, the Court granted Petitioner's motion for reconsideration and ordered Petitioner to either pay the filing fee or submit a proper motion to proceed *in forma pauperis* within twenty days. *See id.*, ECF No. 12. After Petitioner subsequently submitted an incomplete motion to proceed *in forma pauperis*, the Court, on July 31, 2013, ordered him to submit a completed *in forma pauperis* application or show cause why he could not do so. *Id.*, ECF No. 17. Thereafter, Petitioner submitted the required information, and the Court, on September 6, 2013, granted Petitioner permission to proceed *in forma pauperis* and ordered him to designate a single State court judgment as the one he wished to challenge in the federal habeas action. *Id.*, ECF No. 20. On or about September 18, 2013, Petitioner identified his Monroe County conviction and sentence as the judgment he wished to challenge in the action. *Id.*, ECF No. 21. Subsequently, Respondents filed a motion to dismiss the petition. On November 13, 2013, the Court dismissed the petition without prejudice for Petitioner's failure to exhaust his State court remedies before filing for federal habeas relief. *See id.*, ECF Nos. 37 and 38.

Petitioner then filed an application for post-conviction collateral review in the Monroe County Circuit Court. Mot. to Dismiss, Ex. B. Respondents note that although Petitioner did not date his application, the envelope was stamped "approved legal mail" on November 19, 2013. *Id.* On December 5, 2013, the circuit court denied the petition. *Id.*, Ex. C. Petitioner subsequently filed additional motions with the Monroe County Circuit Court and the Mississippi Supreme Court. *See* Mot. to Dismiss, Exs. D, E, and F. On March 25, 2014, the Mississippi Supreme Court denied Petitioner's motion for "Reconsideration of Error Mistakes Motion of

Appeal, Post-Conviction Relief," which appears to be his last filing with the Mississippi Supreme Court related to the sentence at issue in this case. *See* Mot. to Dismiss, Ex. F.

Petitioner's federal habeas petition was stamped "filed" in this Court on August 11, 2014, and Respondents were ordered to respond to the petition. On November 4, 2014, Respondents moved to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). Though he failed to file a response to Respondents' motion to dismiss, Petitioner argues in his petition that the federal statute of limitations does not bar the instant action, as he has been pursuing his rights in various courts since he was sentenced. *See* ECF No. 1, 13.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

Under Mississippi law, there is no direct appeal from a guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Therefore, Petitioner's conviction became final on October 31, 2012, when he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[1] Absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before October 31, 2013, to be deemed timely.

While a properly filed State post-conviction application will toll the federal limitations period, Respondents argue that Petitioner's post-conviction application was not filed in the Circuit Court of Monroe County until at least November 19, 2013, as that is when his mail was stamped approved for mailing by the institution housing him at that time. They argue that the post-conviction filing was made past the federal habeas deadline, and that Petitioner is not entitled to any statutory tolling during the pendency of his State post-conviction proceedings. However, the filings referenced by Respondents are a composite of various filings by Petitioner,

---

[1] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

4

some of which were previously submitted to the circuit court. *See* Mot. to Dismiss, Ex. B. Petitioner's undated post-conviction application, the first document in this composite, was stamped "filed" by the circuit court on November 1, 2013. *Id.*, p. 1. A November 7, 2013, letter from the circuit clerk to Petitioner references the office's receipt of the post-conviction application. *Id.*, p. 13. Pursuant to Mississippi law, Petitioner's post-conviction application was deemed "filed" when he delivered it to prison officials to be mailed. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000) (adopting the "prison-mailbox rule" which states that a *pro se* motion for post-conviction relief is considered "filed" when the petitioner "delivers the papers to prison authorities for mailing"). Since the application was received in the circuit court on November 1, 2013, this Court, giving Petitioner every benefit of the doubt, concludes that Petitioner could have "filed" the post-conviction application on October 29, 2013[2].

Thereafter, Petitioner filed various motions in both the Monroe County Circuit Court and the Mississippi Supreme Court. According to Mississippi Supreme Court's online docket, Petitioner was denied relief on his motion for "Reconsideration of Error Mistakes Motion of Appeal, Post-Conviction Relief," the last of his State post-conviction filings with the Mississippi Supreme Court, by Order entered on March 25, 2014. *See Curry v. Mississippi*, No. 2013-M-01853, http://courts.ms.gov/appellate_courts/generaldocket.html (search last and first name) (last accessed December 4, 2014). Accordingly, even if the Court were to assume that all of Petitioner's State court filings up to that point were part of a procedurally proper post-conviction application under State law, his post-conviction applications entitles him to statutory tolling for a maximum of 147 days (October 29, 2013 to March 25, 2014). Adding 147 days to the initial October 31, 2013 deadline results in new federal habeas limitations deadline of March 27, 2014.

---

[2] The Court assumes a three-day period for normal mail delivery.

Petitioner's federal habeas petition was "filed" sometime between the date it was signed on July 28, 2014, and the date it was stamped "filed" by this Court on August 11, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is past the approximate (but generously-construed) March 27, 2014, federal limitations deadline. Therefore, as his federal habeas petition was filed after the expiration of the AEDPA deadline, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71.

Petitioner maintains that the delay in this action is the fault of the various State and federal courts. However, Petitioner failed to properly appeal his State court rulings and exhaust his remedies. Moreover, the Court cannot toll the federal limitations period based on Petitioner's unsuccessful litigation of an earlier, unexhausted petition. Petitioner's unfamiliarity with the law is insufficient to warrant equitable tolling. *See Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate). Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). In this case, there is no reason to conclude that either circumstance is applicable to Petitioner's delay. Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.[3]

---

[3] Petitioner has requested an evidentiary hearing. However, because his petition is time barred, the Court need not address the request.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

For the reasons set forth above, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" [ECF No. 15] and **DISMISSES** with prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be denied. All pending motions are **DISMISSED AS MOOT**. A separate judgment in accordance with this memorandum opinion and order will enter today.

**SO ORDERED** this the 17th day of December, 2014.

/s/ Sharion Aycock
Chief Judge
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MS